Fernando GUZMAN-HERNANDEZ, AKA Fernando Guzman Hernandez, AKA Fernando Lester Hernandez, AKA Luis Alberto Hernandez, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney General, Respondent.

No. 15-70196

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 21, 2017

Ravit Rae Halperin, Attorney, Immigration Law Offices of R. Rae Halperin, Lancaster, CA, for Petitioner

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Lance Lomond Jolley, Esquire, Trial Attorney, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Raya Jarawan, Esquire, Trial Attorney, U.S. Department of Justice, Washington, DC, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Fernando Guzman-Hernandez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeal's ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Guzman-Hernandez does not challenge the agency's dispositive finding that his asylum application was untimely and that he failed to establish extraordinary circumstances to excuse his untimely filing. See *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Thus, we deny the petition for review as to asylum.

The agency did not err in finding Guzman-Hernandez failed to establish a nexus between the harm he alleged or fears in the future and a protected ground. See *Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (without "evidence of an actual political opinion or motive in the petitioner's or the gang's actions" the petitioner's actual or imputed political opinion claim failed), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092-93 (9th Cir. 2013); *Arteaga v. Mukasey*, 511 F.3d 940, 945-46 (9th Cir. 2007); *see also Reyes v. Lynch*, 842 F.3d 1125, 1137-38 (9th Cir. 2016) (proposed social group of former gang members who are returning to El Salvador is not cognizable). Thus, we deny the petition as to

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Guzman-Hernandez's withholding of removal claim.

Substantial evidence supports the agency's denial of Guzman-Hernandez's CAT claim because he did not demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya*, 524 F.3d at 1073.

Guzman-Hernandez does not make any argument challenging the BIA's due process determination. *See Martinez-Serrano*, 94 F.3d at 1259 ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.